The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion on two questions regarding the relinquishment of parental rights under the Arkansas Code. Your first question concerns "the statutory rights to revoke a relinquishment of parental rights more than ten days after the execution of the relinquishment of parental rights." Your second question is whether "the relinquishment of parental rights becomes effective ten days after its execution" and whether "the person executing the relinquishment [has] forever and for all time relinquished their parental rights or is it necessary that a Court of competent jurisdiction issue an Order that based upon the execution of the relinquishment of parental rights, that the Court finds that the parental rights have been extinguished." The ultimate question being "does it take a Court Order approving the relinquishment of parental rights before the relinquishment is in fact effective, even though more than ten days has passed since the execution of the parental rights and prior to the attempted revocation of the execution of the relinquishment."
It is my opinion, in response to your first question, that by statute a parent may revoke a relinquishment of parental rights within ten calendar days after it is signed or the child is born, whichever is later. Thus, according to statutory law, a parent can "revoke" a relinquishment of parental rights more than ten days after the relinquishment is executed, only if the revocation is within ten days of the child's birth. In response to your second question, it is my opinion that the answer is "no"; it does not take a court order to render a relinquishment of parental rights effective where ten days have elapsed since its execution or the birth of the child.
The relevant statute is A.C.A. § 9-9-220 (Repl. 1993),[1]
which provides in pertinent part as follows:
 (a) The rights of a parent with reference to a child, including parental right to control the child or to withhold consent to an adoption, may be relinquished and the relationship of parent and child terminated in or prior to an adoption proceeding as provided in this section.
 (b) All rights of a parent with reference to a child, including the right to receive notice of a hearing on a petition for adoption, may be relinquished and the relationship of parent and child terminated by a writing, signed by an adult parent.
* * *
 (1)(A) The relinquishment may be withdrawn within ten (10) calendar days after it is signed or the child is born, whichever is later.
I can find no provision of this statute which would allow the relinquishment to be withdrawn more than ten days after the signing of the relinquishment or the birth of the child, whichever is later. There may be some confusion on this point due to the different natures of a "relinquishment of parental rights" under A.C.A. § 9-9-220 and a "consent to adoption" under A.C.A. §§ 9-9-208 and -209. See also A.C.A. §§ 9-9-214 and -216. With a "consent to adoption," the court may still set aside an "interlocutory" decree of adoption after a consent to adoption has been executed, if within one year of the decree, on the basis of "good cause shown." A.C.A. § 9-9-214(d). As noted earlier, however, a "consent to adoption" is an entirely different procedure from a "relinquishment of parental rights." See Inre Parsons, supra. It is my opinion, therefore, that the provisions of A.C.A. § 9-9-214(d), which allow the court to set aside an interlocutory decree of adoption and thus a consent to adoption, do not apply to a "relinquishment of parental rights" under A.C.A. § 9-9-220.
In response to your second question, I can find no requirement that a court order be entered to render a "relinquishment of parental rights" effective. The relevant statute, A.C.A. §9-9-220(b), states that the "rights of a parent with reference to a child . . . may be relinquished . . . by a writing. . . ." This language does not require a court order. The statute also states, however, that if the parent is a minor, the writing must be signed by a guardian ad litem appointed by the court. The signing must occur in the presence of the agency taking custody, a notary, or a judge. Section 9-9-220 also states that the "relinquishment of parental rights" shall be executed in the same manner as a consent to adopt under § 9-9-208. That statute provides, with regard to consents executed by a parent, that the consent be signed in the presence of the court or a person authorized to take acknowledgments. Neither of these statutes requires the entry of a court order to make a "relinquishment of parental rights" effective.
Pursuant to A.C.A. § 25-16-706, the Arkansas Attorney General is authorized to render official opinions to officers and officials of State government only, and is precluded from engaging in the private practice of law (A.C.A. § 25-16-701). Necessarily, therefore, the foregoing is not to be relied upon or offered for the benefit of private third parties.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
[1] I assume that you are referring to "a relinquishment of parental rights" under this statute and not to a "consent to adoption" under A.C.A. §§ 9-9-208 and -209. The Arkansas Supreme Court has made clear that these two procedures are "mutually exclusive." See In the Matter of the Adoption of Parsons,302 Ark. 427, 791 S.W.2d 681 (1990).